UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CAMERON JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO.  3:04-CV-723 AS |
| v. | ) |
| | ) |
| ST. JOSEPH COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

*OPINION AND ORDER*

Cameron Jackson, a *pro se* prisoner, filed what is procedurally a third FED. R. CIV. P. 60 motion. In it he specifically claims that in August-September 2002 he filled out a "1983 complaint" and mailed it to this court. He asserts that in addition to his own testimony, he can also produce the testimony of two witnesses to this event. After a diligent search, this court has no record of ever receiving that complaint and it appears that Mr. Jackson is unable to provide the court with the cause number of that case even though he asserted in a prior filing (docket # 11) that he paid the $150.00 filing fee after receiving notice from this court requesting payment.

"Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.,* 411 F.3d 831, 837 (2005) (quotation omitted). The reasons for such relief are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), mis-

>   representation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b). None of these reasons support relief from the judgment in this case. It was not excusable neglect for Mr. Jackson to wait until November 16, 2004 to sign and mail a new complaint replacing the one he states he sent in August-September 2002. His testimony and that of his witnesses is not evidence which with due diligence could not have been discovered years earlier. Even if the adverse party committed fraud by destroying his original complaint in an effort to prevent it from reaching the courthouse, such a fraud was easily and timely uncovered by writing to the clerk during the eighteen or more months after he was transferred out of the county jail. The judgment in this case is not void nor satisfied and there is no other reason justifying relief from this judgment. Accepting for the purpose of this motion that Mr. Jackson delivered for mailing a complaint in 2002, he did not then reasonably prosecute that claim. Had he done so, he would have timely discovered that his complaint was not received by the court. Therefore the Rule 60 motion must be denied.

The complaint received by the court in this case was clearly beyond the statute of limitations and its dismissal was proper. Mr. Jackson has now tried three times to revive this lawsuit which was dismissed more than a year ago. Though the court has been patient and thoroughly reviewed all of his filings in

this case as well as in his criminal case, (3:02-CR-060), his habeas corpus case (3:04-CV-473), and his forfeiture case (3:02-CV-913), this case is closed and these claims are forever barred by the statute of limitations. It is time that he stop filing in this case.

For the foregoing reasons, the motion (docket # 13) is **DENIED** and Cameron Jackson is **CAUTIONED** that if he continues to file in this case he may be fined or sanctioned.

**IT IS SO ORDERED.**

**ENTERED: January 11 , 2006**

            **S/ ALLEN SHARP**
            **ALLEN SHARP, JUDGE**
            **UNITED STATES DISTRICT COURT**